IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Division)

| | |
|---|---|
| FATIMAH MUHAMMAD,<br><br>        *Plaintiff*,<br><br>v.<br><br>KENDRA ROSS, et al.,<br><br>        *Defendants*. | Civil Action No. 2:21-cv-02012 |

**DEFENDANT KENDRA ROSS' MEMORANDUM IN SUPPORT
OF RULE 12(b)(6) MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT**

Defendant Kendra Ross ("Kendra"), by counsel, submits this memorandum in support of her motion to dismiss the complaint filed by Plaintiff Fatimah Muhammad ("Muhammad") in the above-captioned action. For the reasons below, this Court should grant Kendra's motion to dismiss this case against her and her mother, Defendant Cheryl Ross, with prejudice.[1]

INTRODUCTION

This case is one of nine separate lawsuits filed by *pro se* cult members against their former human trafficking survivor.[2] These copycat cases – filed in Kansas and Maryland state courts –

---

[1] There are only two named defendants in this case – Kendra Ross and Cheryl Ross. Ms. Gillian Chadwick and the lawyers from McGuireWoods LLP (Mr. Jonathan Blank, Ms. Elizabeth Hutson, Ms. Katlyn Farrell, and Mr. Benjamin Abel) represented Kendra pro bono in her historic human trafficking lawsuit in this Court, *Ross v. Jenkins*, Civil Action No. 2:17-cv-2547-DDC-TJJ. They are identified in the caption of the suit as Kendra's representatives, but there are no material allegations made against any of them in the complaint.

[2] The Kansas lawsuits, all of which were filed in the District Court for Wyandotte County, include: *Ephraim Woods v. Kendra Ross*, 2020-CV-000526; *Dwight Johnson v. Kendra Ross*, 2020-CV-000537; and *Raasikh Robertson v. Kendra Ross*, 2020-CV-000538. The Maryland lawsuits, all of which were filed in Prince George's County, include: *Marcus Forbes v. Kendra Ross*, CAL20-15987; *Qawi Robertson v. Kendra Ross*, CAL20-15988; *Manuel Allston v. Kendra*

are a concerted effort by the cult to retaliate against Kendra because she obtained a $8 million judgment against it for trafficking her as a youth for over a decade. Specifically, each of the nine complaints allege that Kendra breached a membership agreement with their "community," the United Nation of Islam, and its successor organizations, The Value Creators and the Promise Keepers. Each of the nine complaints also allege that Kendra defamed the organization by filing, and winning, her historic human trafficking case in this Court. None of the nine complaints, including this one, however, state any facts that form the basis for any cognizable legal relief. As such, this futile effort to exact unwarranted revenge against Kendra for financially dismantling their dangerous cult should and must fail.

BRIEF PROCEDURAL HISTORY

On September 15, 2017, Kendra filed a 16-count complaint ("Human Trafficking Complaint") against The Value Creators, Inc. (f//k/a United Nation of Islam, Inc.), The Value Creators LLC, The Value Creators Inc. (collectively, "UNOI"), and UNOI's leader, Royall Jenkins. Compl. Ex. A. In her Human Trafficking Complaint, Kendra exposed the truth of how UNOI stole her childhood when it separated her from her family and forced her to work long, grueling hours at various UNOI establishments around the eastern United States for no pay for over a decade. *See generally*, Compl. Ex. A.

Royall Jenkins entered a *pro se* appearance in the case on October 11, 2017, but he did not file any legally-sufficient responsive pleading or motion under Rule 12 of the Federal Rules of Civil Procedure. *See Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1153 (D. Kan. 2018) (Crabtree, J.) (attached as **Exhibit 1**). None of the UNOI entities ever entered an appearance despite being

---

*Ross*, CAL20-15993; *Kanietra Forbes v. Kendra Ross*, CAL20-15994; and *Aereale Jenkins v. Kendra Ross*, CAL20-16029.

properly served process. *Id*. Kendra timely moved for a default judgment.

This Court ordered Kendra to appear and testify on February 2, 2018 in support of her motion for default judgment. *Id*. at 1152. This Court notified all defendants of the hearing, but none of them appeared.

On May 23, 2018, this Court granted Kendra's motion for default judgment and issued a historic memorandum opinion thoroughly analyzing all 16 claims against UNOI and its founder, Royall Jenkins. *Id*. In so doing, Judge Crabtree explained that "UNOI operated as the corporate entity for Mr. Jenkins's cult while trafficking [Kendra]." *Id*. at 1155. In addition, Judge Crabtree found that UNOI

> directed a regimented cult that forced [Kendra] into forced labor through systemic and continued intimidation and psychological abuse. They deliberately developed doctrinal and disciplinary programs to facilitate human trafficking. And, they forced individuals – [Kendra] included – to work without any pay, breaks, or benefits.

*Id.* at 1170. This Court entered judgment in favor of Kendra, and awarded her $7,938,546.30 in damages and an additional $117,184.34 in attorneys' fees. *Id*. at 1183. None of the defendants appealed.

### STATEMENT OF ALLEGED FACTS IN THIS CASE

Over two years later, on September 11, 2020, Muhammad, a member of the Promise Keepers (f/k/a UNOI and The Value Creators), filed the instant complaint alleging claims of breach of contract and defamation against Kendra and her mother, Cheryl Ross.[3]

According to Muhammad, UNOI is a community whose members agree to volunteer their time and services without compensation. Compl. at 4, 5, 7. She claims that, in exchange for their

---

[3] Any attempt to argue that she named Ms. Chadwick and the McGuireWoods lawyers as defendants should be summarily dismissed. There are **no** material allegations that any of those *pro bono* lawyers breached any contracts or defamed Muhammad in any way.

services, UNOI provided members, like Kendra and her mother, Defendant Cheryl Ross, with housing, medical, food, clothing, schooling, and job skills training. Compl. at 2, 5, 7. Muhammad maintains that UNOI informed potential members of the guidelines and terms of the existing conditions to live and operate in the community, known as The Original Rules of Instruction to the Laborers. Compl. at 5, Ex. B. Muhammad contends members were presented these terms upon joining UNOI. Compl. at 2. Notably, Muhammad alleges that members were "free to leave" if they did not wish to live by the terms of this alleged UNOI membership agreement. Compl. at 2.

Muhammad alleges that Kendra breached this agreement in two ways. Muhammad first contends that Kendra breached the alleged UNOI membership agreement when she turned 18 years old and left the UNOI community. Compl. at 8. Muhammad also contends Kendra breached her contract with UNOI when she filed the Human Trafficking Complaint. Compl. at 6.

Muhammad also presses a defamation claim against Kendra (but not Defendant Cheryl Ross) based on three statements. First, Muhammad generally alleges that Kendra made fraudulent human trafficking and forced labor claims against UNOI in the Human Trafficking Complaint. Compl. at 8-10. Second, Muhammad vaguely maintains that Kendra defamed UNOI because several news articles featuring Kendra's Human Trafficking Case "profiled" the UNOI community as a "human trafficking cult." Compl. at 8-9. She further (and even more vaguely) alleges that Kendra defamed UNOI because of the characterization in the A&E documentary series, *Cults and Extreme Belief*, labelling UNOI as a "human trafficking cult." Compl. at 8-9.

Kendra removed this case to federal court on January 11, 2021. Now, Kendra moves to dismiss this entire case because Muhammad has not stated any sufficient breach of contract or defamation claim against her or her mother.

-4-

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a claim on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. *Iqbal*, 556 U.S. at 678. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id*.

While a *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers, *pro se* litigants are not excused from compliance with procedural rules. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The liberal construction of a *pro se* complaint does not relieve a *pro se* litigant of the burden of alleging sufficient facts to state a legal claim. *Id*. In fact, "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

## ARGUMENT

In this case, Muhammad attempts to advance two claims against Kendra and her mother,

Defendant Cheryl Ross.[4] While each defendant lives far from Kansas, Kansas law governs whether Muhammad has pled any cognizable claim. For the following reasons, she has not, and this Court should dismiss the complaint with prejudice.

I.  Kansas Law Governs Muhammad's Claims.

As a preliminary matter, this Court should analyze both claims under Kansas law. In a diversity action, a federal court applies the substantive law of the state in which it sits, including the state's choice-of-law rules. *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1336 (D. Kan. 2000).

The issue of whether a contract exists is a question of contract law of the state. Restatement (First) of Conflict of Law §§ 312, 339 (Am. Law Inst. 1934); *see also*, *Cent. Power Sys. & Servs., Inc. v. Universal Underwriters Ins. Co.*, 319 P.3d 562, 566 (Kan. Ct. App. 2014) (Kansas courts apply the Restatement (First) of Conflict of Laws to determine which state law to apply in contract cases); *Heckert Constr. Co. v. Sinclair Oil Corp.*, No. 10-1151-CM, 2012 U.S. Dist. LEXIS 17019, at *11 (D. Kan. Feb. 13, 2012) (questions of contract obligation and performance are governed by the law of the state where the contract is made and performed). Moreover, "Kansas applies the doctrine of *lex loci delicti*, meaning that the law of the place where the tort occurred applies." *Orchestrate HR, Inc. v. Blue Cross Blue Shield*, No. 5:19-CV-04007-HLT-TJJ, 2019 U.S. Dist. LEXIS 205149, at *10-11 (D. Kan. Nov. 26, 2019).

---

[4] It is possible that Muhammad is also attempting to assert a claim for unjust enrichment (in the alternative to her breach of contract claim) by stating "damages and full restitution and to be made whole." Compl. at 1. Muhammad's claim nevertheless fails because she does not allege: (1) a benefit conferred upon Kendra *by* Muhammad; (2) any appreciation or knowledge of the benefit by Kendra; and (3) the acceptance or retention of the benefit by Kendra under such circumstances as to make it inequitable for Kendra to retain the benefit without paying for its value. *See Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1229-30 (D. Kan. 2013) (reciting the elements of an unjust enrichment claim under Kansas law). Muhammad's conclusory allegations are insufficient to state an unjust enrichment claim.

-6-

Here, Muhammad alleges that the contracts were made and performed in Kansas. Compl. at 2, 5, 6. She also alleges that she, as a resident of Kansas, suffered injury from the alleged defamation. Compl. at 2, 9-11. Accordingly, Kansas law applies to these two claims.

II. <u>Muhammad Fails to State Any Viable Claim Against Either Defendant in the Complaint.</u>

Muhammad asserts claims for breach of contract and defamation against Kendra. In support of her claims, however, Muhammad alleges facts that plead her straight out of court. For the following reasons, Muhammad has failed to state either claim under Kansas law.

    A.    <u>Muhammad Fails to State a Breach of Contract Claim.</u>

Muhammad first contends Kendra breached a "membership agreement" ***with UNOI*** by leaving the UNOI community and subsequently filing the Human Trafficking Complaint in this Court. Compl. at 6, 8. To state a claim for breach of contract under Kansas law, a plaintiff must plead "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013). Muhammad fails to plead facts to support a breach of contract claim because (1) she has not identified any contract between her and either defendant, and (2) she has not alleged any conduct by either defendant that would violate any "membership agreement" between the defendants and UNOI.

        1.    <u>Muhammad Alleges a Contract Between UNOI and the Defendants – But Not a Contract With Her.</u>

Muhammad's most glaring pleading deficiency is that she does not allege that she and Kendra (or Defendant Cheryl Ross) ever entered into any sort of valid and enforceable contract ***with her***. *See generally*, Compl. Instead, Muhammad alleges that Kendra was a party to UNOI's "membership agreement" once she turned 18 years old, and, before that, she was bound to that

purported agreement through her mother, Defendant Cheryl Ross. Compl. at 8. Even so, Muhammad provides only a few details of that contract. Generally speaking, Muhammad alleges that full-time UNOI members agreed to "volunteer" themselves and their children to "work within the community," and, in return, UNOI would provide those members and children "housing, medical, food, clothing, and schooling…" Compl. at 5-6.

In short, Muhammad alleges the existence of a contract between UNOI (and, later, its successor organizations, the Value Creators and the Promise Keepers) and full-time members, including Defendant Cheryl Ross and Kendra, once she reached 18 years old. She does not, however, allege any contract between her and Kendra or her mother, Defendant Cheryl Ross. As such, Muhammad has failed to allege facts to support the first element of a breach of contract claim under Kansas law.

2.  Muhammad Does Not Allege Conduct By Either Defendant That Constitutes a Breach of Contract.

Muhammad does not allege any conduct by either Defendant that breaches any purported "membership agreement" to work for no pay. Instead, she complains that Kendra violated UNOI's "membership agreement" by freeing herself from UNOI's bondage and successfully enforcing her rights in federal court.

Muhammad first contends that Kendra breached the "membership agreement" when she left UNOI at the age of 18. Compl. at 8. Muhammad, however, does not allege that the "membership agreement" forbade members of UNOI from leaving the community.[5] *See generally*,

---

[5]  Nor could it contain an enforceable provision to be eternally bound to the alleged work provisions of the "membership agreement." The Thirteenth Amendment to the United States Constitution prohibits specific enforcement of contracts mandating involuntary servitude. U.S. Const. amend. XIII, § 1 ("[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.").

-8-

Compl. To the contrary, Muhammad alleges that members who "refuse[d] to live by the terms of the contract [could] leave" at any time. Compl. at 2. Thus, Kendra could not have breached the alleged "membership agreement" by escaping UNOI if the express terms of that purported agreement permitted members to leave the community on their own free will. *Compare Ablulimir v. U-Haul Co. of Kan.*, No. 11-4014-EFM, 2011 U.S. Dist. LEXIS 75191, at *10 (D. Kan. June 13, 2011) (dismissing breach of contract claim because plaintiff did not submit a copy of the contract and failed to identify any term within the contract to demonstrate a breach).

Muhammad next alleges that Kendra breached the UNOI "membership agreement" when she filed the Human Trafficking Complaint against UNOI and its leader, Royall Jenkins in this Court. Compl. at 6. Again, Muhammad does not allege, nor does she attach, any contractual term that forbids UNOI members from suing the organization or its successors. *See generally*, Compl. Kendra's act of successfully suing the cult for major wrongdoings in federal court does not breach a "membership agreement" that does not limit her litigation rights in any way. *Ablulimir*, 2011 U.S. Dist. LEXIS 75191, at *10 ("the Court will not provide a contractual term that Plaintiff has failed to provide.").

Neither of Kendra's acts of which Muhammad complains breach any purported obligation in the "membership agreement." Accordingly, Muhammad has failed to plead facts to support the second element of a breach of contract claim against Kendra.[6]

\* \* \*

Even reading the complaint as liberally as possible in favor of the instant *pro se* plaintiff, Muhammad fails to state facts that show that she ever had a contract with either Kendra or her

---

[6] Notably, Muhammad does not allege **any** conduct by Defendant Cheryl Ross that could constitute a breach of contract. Muhammad therefore fails to state facts to support the second element of a breach of contract claim against Defendant Cheryl Ross.

mother, Cheryl Ross. She also has failed to allege any conduct that breaches any term of any "membership agreement" between Kendra and her mother, on the one hand, and UNOI and its successors, on the other. In sum, Muhammad has failed to allege sufficient facts to sustain at least two independent elements of a breach of contract claim. This Court should dismiss the breach of contract claim against both Kendra and Defendant Cheryl Ross with prejudice.

### B. Muhammad Fails to State a Claim for Defamation.

Next, Muhammad claims that Kendra defamed UNOI and its successor companies based on: (1) her allegations in the Human Trafficking Complaint against UNOI; (2) news articles featuring Kendra's Human Trafficking Case, labelling UNOI as a cult; and (3) the characterization in the A&E documentary series, *Cults and Extreme Belief*, labelling UNOI as a cult. Compl. at 6, 8-9. As a threshold matter, Muhammad's defamation claim is barred by the statute of limitations. Even so, Muhammad fails to state an actionable defamation claim for any of these three "statements," and similarly fails to allege the specifics of her purported reputational harm.

#### 1. The Statute of Limitations Bars Muhammad's Defamation Claim.

KAN. STAT. ANN. § 60-510 provides: "[c]ivil actions, other than for the recovery of real property, can only be commenced within the period prescribed in the following sections of this article, after the cause of action shall have accrued." An action for libel or slander, which together make up claims for defamation, must be brought within one year of the alleged defamatory acts or remarks. *Jones v. Res-Care Kan.*, No. 20-CV-01017-EFM-KGG, 2020 U.S. Dist. LEXIS 98895, at *6 (D. Kan. June 5, 2020) (citing KAN. STAT. ANN. § 60-514). Accrual of this one-year term begins at the time the defamatory acts or remarks take place. *Id*. (citing *MNM Investments, LLC v. HDM, Inc.*, 2019 WL 3430553, at * 6-7 (D. Kan. 2019)).

Muhammad filed the instant complaint on September 11, 2020, which means that Kansas

-10-

law only permits her to sue for defamation if the statements were made on or after September 11, 2019. All of the statements identified by Muhammad as defamatory occurred outside of Kansas' one-year statute of limitations.

Muhammad first alleges that Kendra made defamatory statements in her Human Trafficking Complaint, which was filed on September 15, 2017. Compl. at 9, Ex. A. This Court entered judgment against UNOI, its successor companies, and its leader in May 2018. Thus, all statements made during the course of those proceedings are outside the statute of limitations.

Muhammad also alleges that Kendra's Human Trafficking Case resulted in the media's characterization of UNOI as a cult. Compl. at 8-9. Specifically, Muhammad claims several news articles and two episodes of the A&E documentary series, *Cults and Extreme Belief*, "profiled" the UNOI community as a "human trafficking cult." Compl. at 8-9. Muhammad cannot sue for defamation almost two years after these news publications and television broadcasts.

Therefore, the statute of limitations bars Muhammad's defamation claim. This Court should dismiss the defamation claim on this ground alone.

2. <u>Muhammad Fails to Allege That Either Defendant Made Actionable Defamatory Statements.</u>

Muhammad does not present an actionable or legally-viable defamation claim in her complaint. Under Kansas law, the elements of the tort of defamation, which includes libel and slander, are (1) false and defamatory words; (2) communicated to a third party; (3) which results in harm to the reputation of the person defamed. *Ablulimir*, No. 11-4014-EFM, 2011 U.S. Dist. LEXIS 75191, at *10. Damage to plaintiff's reputation "is the essence and gravamen" of a defamation claim. *Id*. The law requires the plaintiff to establish reputational injury typically by "showing that persons were deterred from associating with the plaintiff, that the plaintiff's reputation had been lowered in the community, or that the plaintiff's profession suffered." *Kloster*

*v. Hancock (In re Rockhill Pain Specialists, P.A.)*, 412 P.3d 1008, 1024-25 (Kan. Ct. App. 2015). Each of the three sets of alleged statements cannot form the basis of a defamation claim.[7]

        a.        <u>Kendra's Human Trafficking Complaint Allegations.</u>

Muhammad fails to state a defamation claim for allegations in the Human Trafficking Complaint because (1) the judicial proceedings privilege protects those statements, and (2) Muhammad has not sufficiently alleged any false statements of fact.

All of Kendra's allegations and statements made in the course of the federal human trafficking case, including allegations in the Human Trafficking Complaint, are protected from a claim of defamation. Under Kansas law, "if a statement or communication, given in the course of a judicial proceeding, is relevant to the issue involved therein it is privileged whether it be the testimony of a party or an affidavit filed in the proceedings." *Clear Water Truck Co. v. M. Bruenger & Co.*, 519 P.2d 682, 685 (Kan. 1974). The judicial proceedings privilege "extends immunity to parties to a private litigation and to anything published in relation to a matter at issue in court, whether said in pleadings, affidavits, depositions or open court." *Id*. at 686 (quoting *Froelich v. Adair*, 516 P.2d 993, 997 (Kan. 1973)). Thus, Kendra is immune from any defamation action arising from her statements and allegations in the federal human trafficking case.

Next, Muhammad has not sufficiently identified any false statements. The sufficiency of a defamation complaint is judged pursuant to Federal Rule of Civil Procedure 8(a). *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997). "[T]he federal court determines whether a short and plain statement of the claim showing entitlement to relief has been pled." *Id*. The

---

[7]    Muhammad does not allege anywhere in her complaint that Defendant Cheryl Ross made any statements whatsoever, let alone defamatory ones. *See generally*, Compl. This Court should dismiss the defamation claim based on the Human Trafficking Complaint or proceedings against Defendant Cheryl Ross as a result.

complaint must "provide sufficient notice of the communications complained of to allow the defendant to defend itself." *Id*. There is, however, a significant exception to the general rule of liberally construing a complaint in applying rule 12(b)(6): "when the complaint attempts to state a 'traditionally disfavored' cause of action, such as defamation, courts have construed the complaint by a stricter standard." *Id*. (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). A defamation complaint "cannot couch allegations of falsity in vague, conclusory terms." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).

Here, Muhammad identifies certain allegations made in Kendra's Human Trafficking Complaint as a basis for her defamation claim. Muhammad primarily maintains that Kendra's Human Trafficking Complaint labelled UNOI as "radicals" which she claims misrepresents the UNOI community. Compl. at 9. This Court has found that the material facts alleged in the Human Trafficking Complaint are true. *Ross*, 325 F. Supp. 3d at 1154-61. Any other vague challenges to the veracity of other unidentified statements in the Human Trafficking Complaint should be dismissed. *Brokers' Choice of Am.*, 861 F.3d at 1105.

Kendra's allegations and statements in the federal Human Trafficking Case are protected from a defamation action, and, more importantly, found by this Court to be true. They cannot be, and are not, defamatory.

      b.  <u>Articles Reporting Kendra's Human Trafficking Case.</u>

Similarly, the news articles featuring Kendra's Human Trafficking Case do not support Muhammad's defamation claim. In her complaint, Muhammad states that the UNOI community "has been slandered" and "profiled as a human trafficking cult." Compl. at 8. Although Muhammad provides the internet locations for these articles, she does not allege that Kendra or

-13-

her mother, Defendant Cheryl Ross, made any statements in these articles, nor does she allege that these publications contain false and defamatory statements at all. Such vague accusations of falsity are not legally sufficient to support a defamation claim. *Brokers' Choice of Am.*, 861 F.3d at 1105. Accordingly, Muhammad fails to state an actionable defamation claim.

    c. <u>A&E's *Cults and Extreme Belief* Series.</u>

Muhammad includes two episodes of the A&E documentary series, *Cults and Extreme Belief*, in the list of media broadcasts that she vaguely alleges are defamatory. Compl. at 9. To the extent Muhammad contends that Kendra defamed UNOI based on the television show's characterization of the UNOI as a human trafficking cult, that claim similarly lacks merit. In fact, Muhammad does not allege that Kendra or her mother, Defendant Cheryl Ross, made any statements on that episode, nor does she identify even generally which statements of fact are false and defamatory. Muhammad's claim that Kendra or her mother should be held liable for something that someone said on a television show is insufficient to support a "traditionally disfavored" claim like defamation. *Brokers' Choice of Am.*, 861 F.3d at 1105.

Furthermore, the law is clear that a plaintiff alleging a defamation claim must plead facts that are capable of being proven true or false. *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.*, 26 P.3d 1284, 1287 Kan. Ct. App. 2001). As such, the mere labelling of the UNOI as a cult is not defamation as a matter of law for two reasons.

First, characterizing the UNOI as a cult is a matter of personal opinion which is not actionable defamation. *See Gatlin*, 26 P.3d at 1287 (finding that statements which constitute personal opinion or hyperbole cannot form the basis of a defamation claim). Second, the act of labelling an organization as a cult is not defamatory "because the truth or falsity of the statement depends upon one's religious beliefs, an ecclesiastical matter which cannot and should not be tried

in a court of law." *Harvest House Publrs. v. Local Church*, 190 S.W.3d 204, 212 (Tex. App. 2006). Since the statement characterizing UNOI as a cult is not defamation as a matter of law, Muhammad failed to allege a claim for relief.

   3. <u>Muhammad Fails to Allege Reputational Damage With Adequate Specificity.</u>

Muhammad also fails to state a claim for relief because she does not adequately allege reputational harm. Under Rule 9(g), "when items of special damage are claimed, they shall be specifically stated." FED. R. CIV. P. 9(g). In Kansas, damages for defamation may not be presumed and a plaintiff must allege and prove actual damages, "no matter what the character of the libel." *Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1484 (D. Kan. 1993) (citing *Gobin v. Globe Pub. Co.*, 649 P.2d 1239, 1242 (Kan. 1982)).

In her complaint, Muhammad makes nothing more than an unsupported conclusory allegation that former customers of UNOI businesses "have gone as far as calling our establishments cursing us out because of what they read online" regarding Kendra's Human Trafficking Case. Compl. at 9. This is insufficient to survive a motion to dismiss for failure to state a claim for relief. *See RX Sav., LLC v. Besch*, No. 19-2439-DDC-JPO, 2019 U.S. Dist. LEXIS 218722, at *13 (D. Kan. Dec. 20, 2019) (noting that a plaintiff asserting a defamation claim "must allege more than conclusory claims of reputational injury," and must show how plaintiff's reputation in the community has been damaged). Muhammad fails to sufficiently allege facts to support her claim for reputational harm.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.2, Defendant requests oral argument on her motion to dismiss.

## CONCLUSION

For the foregoing reasons, Muhammad has failed to state claims for breach of contract and defamation against Kendra or her mother, Defendant Cheryl Ross, and both are entitled to dismissal as a matter of law. Accordingly, Kendra respectfully requests that this Court dismiss the instant complaint with prejudice, and award her any other relief this Court deems just and proper.

Dated: January 15, 2021　　　　　　　　　　　　Respectfully Submitted,

**KENDRA ROSS**

*By Counsel*

　　/s/ *Chris Dove*
Christopher Dove KS #21251
DRZ LAW, LLC
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com

Anand Ramana (*pro hac vice* motion forthcoming)
Aleksandra Rybicki (*pro hac vice* motion forthcoming)
VEDDER PRICE, P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
aramana@vedderprice.com
arybicki@vedderprice.com
*Attorneys for Defendant Kendra Ross*

# CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of January, 2021, I filed this document on this Court's electronic court filing system, and that I served the foregoing pleading on the following persons by U.S. mail:

    Ms. Fatimah Muhammad
    2111 N. 10th Street
    Kansas City, KS 66104


      /s/ *Chris Dove*
      Christopher Dove KS #21251
      DRZ LAW, LLC
      8700 State Line, Suite 305
      Leawood, KS 66206
      913-400-2033
      chris@drzlawfirm.com
      *Attorney for Defendant Kendra Ross*

VP/#41312497.2