**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EPHRAIM WOODS, JR.,<br><br> Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br> Defendant. | Case No. 21-2011-DDC-TJJ |
| FATIMAH MUHAMMAD,<br><br> Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br> Defendant. | Case No. 21-2012-DDC-TJJ |
| DWIGHT JOHNSON,<br><br> Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br> Defendant. | Case No. 21-2013-DDC-TJJ |
| RAASIKH ROBERTSON,<br><br> Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br> Defendant. | Case No. 21-2014-DDC-TJJ |

## **MEMORANDUM AND ORDER**

Pro se plaintiffs Ephraim Woods, Jr., Fatimah Muhammad, Dwight Johnson, and Raasikh Robertson each filed lawsuits against Kendra Ross and her mother, Cheryl Ross, in the District Court of Wyandotte County, Kansas alleging claims for (1) breach of contract and memorandum of agreement, and (2) defamation and slander. After removing this case to federal court, Kendra[1] moved to dismiss the claims against her. The court granted those motions and dismissed Kendra from each case. Doc. 36 at 44.[2] Because Cheryl did not appear in any of those actions and signed no filings made in them, the court did not consider Kendra's arguments to support dismissal of the claims against Cheryl. *Id.* at 4 n.2. And so, the court took no action on plaintiffs' claims against Cheryl.

The court then issued a Show Cause Order (Doc. 38) ordering plaintiffs to show cause why the court should not dismiss the claims against Cheryl for failure to prosecute, on or before August 17, 2021. Three of the four plaintiffs timely filed responses. *See Woods v. Ross*, No. 21-2011, Doc. 40; *Muhammad v. Ross*, No. 21-2012, Doc. 39; *Robertson v. Ross*, No. 21-2014, Doc. 35. Plaintiff Dwight Johnson did not respond. But he has filed an "Objection" that responds to the Show Cause Order. *Johnson v. Ross*, No. 21-2013, Doc. 38 at 16–17 ("Fifth Point of Order: Cheryl Ross—Notice and Order to Show Cause."). Because Johnson appears pro se, the court will construe that portion of his "Objection" as his response to the Show Cause Order. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se

---

[1] Because Kendra Ross and Cheryl Ross share a surname, this Order, for clarity, often refers to them simply as "Kendra" and "Cheryl." The court means no disrespect to either individual by its use of their first names.

[2] For clarity, the court cites documents in the first-filed case in our court, *Woods v. Ross*, No. 21-2011 (D. Kan.), unless otherwise specified because most filings do not differ in substance between cases.

2

litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

And on that note, all four plaintiffs have filed nearly identical documents titled "Objection to Judge Daniel D. Crabtree's Order and Memorandum and Order."  Doc. 39.  Again giving a liberal construction to the four pro se plaintiffs' filings, the court construes these "Objections" as Motions for Reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b).  For reasons discussed below, the court denies these motions.

## I.      Responses to Show Cause Order

The court has previously recognized that although plaintiffs served process on defendant Cheryl Ross, she has failed to appear, plead, or otherwise defend this action.  Doc. 36 at 4 n.2, 12, 14 n.5 (Memorandum and Order).  So, in their responses to the Show Cause Order, plaintiffs request a default judgment against Cheryl.  Doc. 40 at 6.

But Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment.  First, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit.  Second, after the Clerk enters default, plaintiff may then request the Clerk to enter judgment for an amount that is "a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  But when a plaintiff's claim does not seek a sum certain, plaintiff must apply to the court for a default judgment under Rule 55(b)(2).

Plaintiffs have not taken the first step under Rule 55(a).  So, the court will not grant a default judgment.  But the court will construe the plaintiffs' responses to the Show Cause Order as a Motion for Entry of Default.  *SPX Cooling Techs., Inc. v. Gear Reducer Servs. LLC*, No. CIV.A. 12-2398-KHV, 2012 WL 3984467, at *1 (D. Kan. Sept. 7, 2012) ("Because plaintiff cannot proceed directly to default judgment, the Court construes its motion as one for entry of

default."). Because plaintiffs have served defendant Cheryl Ross, but she has not appeared or otherwise defended this action, the court directs the Clerk to enter default against her on the claims set forth in plaintiffs' Petition.[3]

But that does not entitle the plaintiffs to a default *judgment*. Even after entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation and internal quotations omitted). If plaintiffs' claims are barred or subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), then the court may deny default judgment. *See id.* (affirming district court's denial of default judgment because "plaintiffs' claims were barred or were subject to dismissal under Rule 12(b)(6)").

In this setting, the court also does not accept as true plaintiffs' allegations about the amount of damages. When requesting damages for a default judgment, "[p]laintiff must establish that the amount requested is reasonable under the circumstances." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016). The court may award damages "only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (alteration in original) (quoting *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009)).

The court determines that a hearing is not appropriate at this time, so if the plaintiffs wish to proceed with their claims against defendant Cheryl Ross, they must file a Motion for Default

---

[3] The court uses the term "Petition" because plaintiffs originally filed their actions in the District Court of Wyandotte County, Kansas. Plaintiffs properly used the term Petition to describe their initial pleadings there, Kan. Stat. Ann. § 60-207(a), so the court uses that term in this Order.

Judgment under Rule 55(b) with "detailed affidavits establishing the necessary facts" reflecting the basis for damages. *Id.* (quoting *DeMarsh*, 2009 WL 3720180, at *2).

II.     **Motions for Reconsideration**

Under our local rules, "a motion for reconsideration must be based on:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3(b).

Plaintiffs' "Objection[s]," construed as Motions for Reconsideration, argue none of those things.  The court has reviewed plaintiffs' papers carefully and concludes that plaintiffs merely reiterate arguments previously made to the court in opposition to Kendra's Motions to Dismiss and the other related motions the court ruled in its July 21, 2021 Order.  *See* Doc. 36.  So, the court denies plaintiffs' "Objections," construed as Motions for Reconsideration.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court . . . .").

**IT IS THEREFORE ORDERED BY THE COURT THAT** the "Objection[s] to Judge Daniel D. Crabtree's Order and Memorandum and Order," which the court construes as Motions for Reconsideration, are denied in each of the following cases:

- *Woods v. Ross*, No. 21-2011 (Doc. 39)
- *Muhammad v. Ross*, No. 21-2012 (Doc. 38)
- *Johnson v. Ross*, No. 21-2013 (Doc. 38)
- *Robertson v. Ross*, No. 21-2014 (Doc. 36)

**The court directs the Clerk to enter default against defendant Cheryl Ross on the claims set forth in plaintiffs' Petition.**

5

And should plaintiffs wish to pursue their claims against defendant Cheryl Ross, **the court further directs plaintiffs to file a Motion for Default Judgment under Rule 55(b) with affidavits demonstrating their damages within 30 days of the date of this Order.**

**IT IS SO ORDERED.**

**Dated this 2nd day of September, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
