# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EPHRAIM WOODS, JR., <br><br>     Plaintiff, <br><br> v. <br><br> CHERYL ROSS, <br><br>     Defendant. | Case No. 21-2011-DDC-TJJ |
| FATIMAH MUHAMMAD, <br><br>     Plaintiff, <br><br> v. <br><br> CHERYL ROSS, <br><br>     Defendant. | Case No. 21-2012-DDC-TJJ |
| DWIGHT JOHNSON, <br><br>     Plaintiff, <br><br> v. <br><br> CHERYL ROSS, <br><br>     Defendant. | Case No. 21-2013-DDC-TJJ |
| RAASIKH ROBERTSON, <br><br>     Plaintiff, <br><br> v. <br><br> CHERYL ROSS, <br><br>     Defendant. | Case No. 21-2014-DDC-TJJ |

**MEMORANDUM AND ORDER**[1]

In a Memorandum and Order dated February 14, 2022, the court denied plaintiffs' motions for default judgment in each one of their cases.  *See Woods v. Ross*, No. 21-2011 (D. Kan.) (Doc. 58); *Muhammad v. Ross*, No. 21-2012 (D. Kan.) (Doc. 56); *Johnson v. Ross*, No. 21-2013 (D. Kan.) (Doc. 55); *Robertson v. Ross*, No. 21-2014 (D. Kan.) (Doc. 53).  Now, plaintiffs each have filed an "Objection" to that Order.  *See, e.g.*, *Woods v. Ross*, No. 21-2011 (D. Kan.) (Doc. 60) ("Objection to the Federal Judge Daniel Crabtree'[s] Dismissal Under Rules 60 Section 3 & 4, Canon Rules of Judicial Conduct 1, 2, 3, Willful Violation of Federal Ethics, Federal Oath Under Federal Statutes 28, and Article 6 Clause 2 & 3, as well as Article 3 Section 1 & Section 3 Treason, 5 USC 7311, 18 USC 1918 and 18 USC 1621").[2]  Given some of the language used in these "Objection[s]," the court construed them as motions for reconsideration and directed the Clerk's office to docket the objections in that fashion.  The court denies these motions, for reasons explained below.

Motions for reconsideration are appropriate only where there is:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  Such a motion isn't

---

[1] Each plaintiff has filed his or her own individual case in our court.  But these cases are not consolidated.  The court includes the captions for all four cases in a single Order here as it has throughout the cases' history—because plaintiffs' filings don't differ in substance, and, typically, are identical.  The court simply has ruled plaintiffs' identical motions in a single Order for efficiency.  But that doesn't mean the cases are consolidated.

[2] For simplicity, the court only cites plaintiff's "Objection" in the first-filed case in our court, *Woods v. Ross*, No. 21-2011 (D. Kan.), because it is identical to the objections filed in the other three cases.

3

an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiffs' filings, the court concludes that plaintiffs haven't shouldered their burden to justify reconsideration of the court's February 14 Order.  In other words, plaintiffs haven't demonstrated that the court's February 14 Order "misapprehended the facts, a party's position, or the controlling law." *Id.*  Instead, plaintiffs merely have reiterated arguments the court previously has rejected.  And reconsideration motions are inappropriate vehicles "to revisit issues already addressed[.]" *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motions for Reconsideration are denied in each of the following cases:

- *Woods v. Ross*, No. 21-2011 (Doc. 60)

- *Muhammad v. Ross*, No. 21-2012 (Doc. 58)

- *Johnson v. Ross*, No. 21-2013 (Doc. 57)

- *Robertson v. Ross*, No. 21-2014 (Doc. 55)

**IT IS SO ORDERED.**

**Dated this 11th day of March, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**